## In re Hall Association.

*Corporations of first class—Applications for charter—Names typewritten —Subscribers—Expressed purpose.*

1. An application for a charter of the first class was refused which contained thirteen typewritten names as subscribers, only three of whom had written their names, there being a variance in one of these with the typewritten list, and in which the names and residences of the directors or trustees for the first year did not appear.

2. A proposed corporation of the first class, "to acquire, own and hold real estate in fee simple or otherwise, upon which to erect halls or buildings for public or private purposes," with the power to convey, lease or encumber all or part of such real estate, and providing for the issuance of capital stock, is a corporation for profit, and an application for a charter of the first class will be refused.

Application for charter. C. P. Allegheny Co., April T., 1923, No. 769.

*P. J. Clyde Randall,* for applicants.

CARPENTER, J., May 9, 1923.—I cannot approve this proposed charter. The act of assembly says the charter of an intended corporation must be "subscribed" by five or more persons, three of whom must be citizens of this Commonwealth, and this means something more than a typewritten recital of the names. This certificate is subscribed by three of the persons named as subscribers, but contains the names of thirteen persons who are called "subscribers." One of the subscribers signs his name "Samuel A. Johnon," but his name in the acknowledgment appears as Samuel Johnson. The number of directors (trustees) and the names and residences of those chosen for the first year must be set forth. The names and addresses of those chosen for the first year appear, but whether they constitute the entire governing board does not appear.

The purpose of the proposed corporation is stated to be "to acquire, own and hold real estate in fee simple, or otherwise, upon which to erect halls or buildings for public or private purposes." The seventh paragraph of the certificate provides for a capital stock of $50,000, divided into 5000 shares of the par value of $10 per share. The ninth paragraph defines the "powers" of the corporation, and includes the right to acquire in fee simple, or otherwise, real estate, and the power to convey, lease or encumber all or part of such real estate. When we couple the powers to be exercised with the purpose specified, we have a corporation authorized to buy, sell and lease real estate, improved or unimproved, or, in other words, a "corporation for profit."

Attention is once more called to the fact that a detached certificate of approval will not be signed.

The language of the act is not susceptible of misinterpretation. After prescribing the duty of the judge to "peruse and examine said instrument," it directs that if found to be in proper form, etc., "he shall endorse thereon these facts." Charter refused.          From Edwin L. Mattern, Pittsburgh, Pa.